UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| KERRY HINKLE, Administrator of the Estate of Kiara Hinkle, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3: 11-24-DCR |
| V. | ) ) | |
| FORD MOTOR COMPANY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Ford Motor Company ("Ford") has filed a motion *in limine* seeking to prevent the plaintiffs from introducing several items of evidence, testimony, and arguments during the upcoming trial of this action.  [Record No. 38]  Having considered the parties' respective filings regarding this motion and the representations of counsel made during the recent pretrial conference, the relief sought will be granted, in part, and denied, in part.

## I.

While the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to a district court's inherent authority to manage the course of trials.  *Luce v. United States*, 469 U.S. 38, 41 (1984).  And while a party can ask the court to make an *in limine* ruling on evidentiary matters, it is within the court's discretion to do so.  In short, there is no right to an *in limine* ruling.  *Huddleston v. United States*, 485 U.S. 681, 688–89 (1988).

-1-

In fact, a ruling on a motion *in limine* is nothing more than a preliminary opinion which allows the parties to better formulate their trial strategy. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The Court is not bound by an *in limine* ruling and can change its determination during trial where sufficient facts have developed to warrant the change. *Id.*; *see also Luce*, 469 U.S. at 41–42 (noting that "*even if nothing unexpected happens at trial*, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" (emphasis added)). Against this backdrop, the Court first considers issues of relevance, admissibility and prejudice.

### A.    Relevancy

Rule 402 of the Federal Rules of Evidence sets forth the general rule that relevant evidence is admissible, subject to certain exceptions, and irrelevant evidence is not admissible. Fed. R. Evid. 402. "Relevant evidence" is defined in Rule 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In other words, relevancy can be determined by asking whether "the item of evidence tend[s] to prove the matter sought to be proved[.]" Fed. R. Evid. 401 advisory committee's note. Relevancy is an extremely broad concept. Both the Supreme Court and the Sixth Circuit have noted that the standard set forth in Rule 401 is a liberal one. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993); *Hildebrand v. Bd. of Trs. of Mich. State Univ.*, 607 F.2d 705, 713 n.15 (6th Cir. 1979)).

**B.     Rule 403**

However, Federal Rule of Evidence 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence is not excluded merely because it is damaging or prejudicial to a defendant's case; rather, it must be *unfairly* prejudicial. *See United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993). Evidence that is prejudicial only in the sense that it portrays the defendant in a negative light is not unfairly prejudicial for purposes of Rule 403. *United States v. Chambers*, 441 F.3d 438, 456 (6th Cir. 2006) (citing *United States v. Sanders*, 95 F.3d 449, 453 (6th Cir. 1996)). Moreover, to warrant exclusion, any danger of unfair prejudice posed by the evidence must *substantially outweigh* its probative value. Fed. R. Evid. 403. The Sixth Circuit has found this requirement significant. *See Koloda v. Gen. Motors Corp.*, 716 F.2d 373, 378 (6th Cir. 1983). Rule 403 is not concerned with "the damage to the defendant's case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986).

## II.

**A.     Reference to, or Evidence, Testimony or Arguments Concerning Post-Manufacture Issues and/or Subsequent Remedial Measures**

Ford seeks to exclude any evidence, testimony, or argument concerning actions it took after the 2004 Mercury Mountaineer was manufactured (*i.e.*, subsequent remedial measures). It argues that such evidence is not relevant and that any probative value of this information "is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, and prolongation of the trial that its admission into evidence would cause." [Record No. 38, p. 2 (citing FRE 401, 402, 403, and 407)]  In addition, Ford asserts that any mention of its "policies or procedures . . . , as well as safety or design implementations made by other vehicle manufactures, which post-date the manufacture date of November 2003 would similarly be irrelevant and immaterial." [*Id.*, p. 3 (citing FRE 401, 403)]  The plaintiffs counter that such evidence is relevant to the issue of whether there was a safer alternative design. [Record No. 41, pp. 2-3]  They also point out that FRE 407 — which provides that evidence of subsequent remedial measures "is not admissible to prove[] negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction" — applies to measures taken after a plaintiff's *injury*, not after the product was manufactured.  [*Id.*, p. 3]

The plaintiffs are correct that FRE 407 does not require exclusion here.  The Advisory Committee note accompanying FRE 407 explains that a 1997 amendment to the rule was meant "to clarify that the rule applies only to changes made after the occurrence that produced the damages giving rise to the action.  Evidence of measures taken by the defendant prior to the 'event' causing 'injury or harm' do not fall within the exclusionary scope of Rule 407 even if they occurred after the manufacture or design of the product."  Thus, any changes or improvements Ford made to the Mercury Mountaineer or other vehicles between the time the 2004 model was designed and manufactured and the April 2010 car accident that injured the plaintiffs are not covered by FRE 407.

-4-

Ford's motion will be denied regarding it request to exclude references to, evidence, testimony or arguments concerning post-manufacture issues and/or subsequent remedial measures.

**B.    Reference to, or Evidence, Testimony or Argument Concerning Other Unrelated Alleged Defects or Recalls**

Ford next argues that it would be a waste of trial time if plaintiffs were permitted to present evidence regarding defects or recalls of other Ford products. [Record No. 38, p. 3] The plaintiffs indicate that they "do not anticipate introducing testimony of defects or recalls involving other vehicles" but ask that Ford's motion be denied because it is "so broad and vague that it is difficult to respond to." [Record No. 41, p. 3] In its reply, Ford contends that, regardless of whether the plaintiffs intend to present evidence of defects in other vehicles, they should be "prohibited from arguing or offering so-called evidence of alleged defects or recalls — even in the subject vehicle program — that are unrelated to the specific design defect issues alleged in this case." [Record No. 38, p. 50]

The Court agrees with Ford that evidence regarding defects or products recalls involving matters that are unrelated to the product defect that allegedly caused the accident involved in this case should be excluded under Rules 402 and 403 of the Federal Rules of Evidence. While such evidence would not be relevant to the issues to be decided by the jury, presentation of such proof would be unduly prejudicial and unnecessarily time consuming. Accordingly, Ford's motion to exclude any references to, or evidence, testimony or argument concerning other unrelated alleged defects or recalls will be granted.

C.      **References to, or Evidence, Testimony or Argument Concerning Other Accidents, Incidents, Complaints, or Lawsuits**

Ford seeks exclusion of "any reference to any prior or subsequent accidents, incidents, claims, complaints or lawsuits involving Ford vehicles that are not substantially similar to the accident and vehicle at issue in this case." [Record No. 38, p. 3] Ford argues that such evidence is "irrelevant and immaterial," that its probative value "is substantially outweighed by the prejudice, confusion, and prolongation of the trial that [its] admission into evidence would cause," and that "allegations made in other accidents, actions, and claims constitute inadmissible hearsay." [*Id.*] Ford asks that the plaintiffs be required to provide notice to the Court and defense counsel before attempting to introduce such evidence, as well as to "make a foundational showing of 'substantial similarity' outside the presence of the jury." [*Id.*]

The plaintiffs state that they "expect to present evidence regarding other rollover accidents involving both the Mercury Mountaineer as well as similarly designed Ford SUV vehicles [sic], such as the Ford Explorer," for the purpose of proving notice and defect. [Record No. 41, p. 4] In its reply, Ford does not dispute that such evidence may be admissible but asks that it be subject to a threshold showing of substantial similarity, which appears to be appropriate under Sixth Circuit precedent. [*See* Record No. 50, p. 3 (citing *Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102-03 (6th Cir. 1989))]

The Court agrees with Ford. Therefore, Ford's motion to exclude references to, evidence, testimony or argument concerning other accidents, incidents, complaints, or lawsuits will be granted unless the plaintiffs make a threshold showing outside the presence of the jury of substantial similarity.

-6-

### D.    Reference to, or Evidence, Testimony, or Argument Concerning Ford's Financial Condition, or the Wealth or Poverty of the Parties

Ford argues that the plaintiffs may attempt to persuade the jury that it should return a verdict against the company based on its wealth and/or the comparative lack of resources of the plaintiffs.[1]  While the parties' respective financial conditions are not relevant to the issues that will be presented to the jury, such evidence would tend to be unduly prejudicial.

Accordingly, Ford's motion to exclude reference to, or evidence, testimony, or argument concerning Ford's financial condition, or the wealth or poverty of the plaintiffs will be granted.

### E.    Reference to, or Evidence, Testimony, or Argument Concerning Document Historians

Ford seeks to exclude "testimony by witnesses who may attempt to interpret Ford documents as evidence of 'Ford's' state of mind," as well as testimony "about the meaning or contents of Ford documents that are inadmissible or have not been admitted into evidence, or that can be understood by the jury without expert assistance." [Record No. 38, p. 5] Such testimony, Ford argues, would violate FRE 702 because the plaintiffs' experts have no specialized knowledge "about Ford [or] its historical decision-making processes and thus are not qualified to express an expert opinion about Ford's knowledge or intent." [*Id.*]  Ford further contends, citing FRE 1001, 1002, and 1004, that "testimony about documents that are not admissible or have not been admitted into evidence violates the 'best evidence' rule." [*Id.*]  Finally, it asserts that the probative value of such evidence "is substantially outweighed by the danger of unfair

---

[1] Any argument that such evidence would be relevant to the issue of punitive damages has been rendered moot by the Court's earlier grant of summary judgment to the defendant regarding this issue.

prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay."
[*Id.* (citing FRE 403)]

The plaintiffs respond that they "do not understand what evidence or testimony Ford is trying to preclude with this particular motion." [Record No. 41, p. 5] And they maintain that their expert witnesses are allowed to refer to Ford documents. [*Id.*] But as Ford points out, the motion was not meant to preclude the plaintiffs' experts from referring to Ford documents, but rather to prevent witnesses from "go[ing] beyond what the documents state and speculat[ing] as to what Ford or its engineers were thinking at the time." [Record No. 50, p. 4] The plaintiffs have not opposed that request.

While the Court will not preclude the plaintiffs' witnesses from referring to Ford documents, the limited relief sought by the defendant will be granted. Accordingly, the plaintiffs' witnesses will be precluded from offering statements or opinions which could be viewed as explaining the defendant's state of mind (*i.e.*, its knowledge and/or intent).

### F.    Reference to, or Evidence, Testimony, or Argument Concerning Ford's Marketing and Advertisements

Ford seeks to exclude, on relevance grounds, evidence concerning its marketing and advertisements because discovery has not shown that the plaintiffs relied on any advertisements in deciding to purchase or drive the vehicle at issue in this case. [Record No. 38, p. 6] The plaintiffs maintain that such evidence is relevant to their claims and that it is admissible under Sixth Circuit law. [Record No. 41, pp. 5-6] Ford replies that because the plaintiffs have not identified the documents they intend to offer, "this particular issue should be reserved until after the filing of exhibit lists." [Record No. 50, p. 5]

The parties have now filed their exhibit lists, but the Court has not been able to determine what documents might be subject to the defendant's motion based on the information provided by the parties.  Accordingly, Ford's motion to preclude reference to, or evidence, testimony, or argument concerning Ford's marketing or advertisement will be denied, without prejudice.  The plaintiffs will be given ten (10) days following the entry of this Order to identify the specific exhibits, evidence, arguments which they intend to offer concerning Ford's marketing and/or advertisements.  Ford will be given ten (10) days after the plaintiffs have provided this information to file a renewed motion *in limine* if it seeks to exclude the information.

> **G.     Reference to, or Evidence, Testimony, or Argument Concerning Opinions that Ford's Conduct Rises to the Level Sufficient to Award Punitive Damages**

This portion of the motion *in limine* has been rendered moot by the Court's prior grant of summary judgment in favor of the defendant concerning the issue of punitive damages. Accordingly, Ford's motion to exclude any reference to, or evidence, testimony, or argument concerning opinions that Ford's conduct would be sufficient for an award of punitive damages will be granted.

> **H.     Reference to, or Evidence, Testimony, or Argument Referring to "Victims"**

Ford has withdrawn this portion of its motion *in limine*.  Accordingly, Ford's motion to preclude any reference to, or evidence, testimony or argument referring to "victims" will be denied.

### I.      Reference to, or Evidence, Testimony, or Argument Concerning Questions of Ethical or Moral Obligation

Pursuant to FRE 401, 402, and 403, Ford seeks to exclude evidence, testimony, or argument regarding "any ethical or moral obligation on the part of Ford or Ford's employees," on the ground that it would be "intended only to arouse the passions of certain jurors." [Record No. 38, p. 7] The plaintiffs argue that this motion is too broad. [Record No. 41, p. 9] They plan to "present evidence to support a claim that Ford violated ethical and moral obligations by failing to provide technologically and economically feasible standard safety equipment to prevent accidents such as this one." [*Id.*] This evidence, according to the plaintiffs, "will show that Ford placed profits over safety." [*Id.*]

It is unclear how this would be relevant except to a punitive-damages claim, which the plaintiffs are foreclosed from pursuing. [*See* Record No. 66] As Ford points out, "ethical and moral obligations are not the legal standard" for the plaintiffs' claims of strict liability and negligence. [Record No. 50, p. 6] As a result, Ford's motion to preclude plaintiffs from any reference to, or evidence, testimony, or argument concerning questions of the defendant's ethical and/or moral obligations will be granted.

### J.      Reference to, or Evidence, Testimony, or Argument Concerning Statements Regarding "Consumer Safety" as a Purpose of This Suit

Ford seeks to prohibit any reference to or inference that this case is being prosecuted to establish standards of consumer safety or related reasons. In addition to being incorrect (that is, the case involves a claim for monetary damages, and not injunctive relief), the defendant contends that such statements, inferences or references would be inflammatory and calculated

to create prejudice against it, while motivating the jury to act based on sympathy in favor of the plaintiffs.

In opposing this part of Ford's motion, the plaintiffs rely upon their claim for punitive damages.  However, as noted previously, the Court has granted Ford's motion to exclude punitive damages in this case.  In addition to the fact that this prior ruling removed the basis for the plaintiffs' opposition, the Court also agrees with Ford that any reference, argument or inference that this case is being brought to establish standards of consumer safety would be incorrect and not relevant to the issues presented to the jury.  Such would also unfairly inject bias into the jury's decision.  As a result, the Court will grant Ford's motion to preclude any reference to, or evidence, testimony, or argument regarding "consumer safety" as being a purpose of this litigation.

### K. Reference to, or Evidence, Testimony, or Argument Concerning the Size, Location, Specialization, or Representation by Ford's Counsel

Ford has withdrawn this portion of its motion, based on representations by the plaintiffs that such offers or assertions are improper.  [Record No. 50, p. 6]  As a result, the defendant's motion to preclude the plaintiffs from referring to, or offering evidence, testimony, or argument concerning the size, location, specialization, or representation by Ford's counsel will be denied, without prejudice to being renewed if a party attempts to unfairly inject this issue into the proceedings.[2]

---

[2]The plaintiffs assert in their response that Ford attempts to extend this argument to expert witnesses and that it would object to such an extension.  The Court's ruling does not address this issue.

-11-

**L.      Reference to, or Evidence, Testimony, or Argument Concerning Potential Discovery Disputes**

Ford seeks to exclude, as irrelevant and prejudicial, "any reference to any potential discovery disputes with Ford in this case or any other case, as well as documents allegedly not produced by Ford in response to discovery or letter requests from the Plaintiffs' counsel." [Record No. 38, p. 8]  The plaintiffs state that they "cannot specifically respond to such a vague request" but that "Ford's discovery responses are clearly admissible."  [Record No. 41, p. 10]  Ford did not ask that discovery *responses* be excluded, however.  [*See* Record No. 50, p. 7]

The Court agrees that it would not be proper to present arguments, statements, or evidence to the jury regarding discovery disputes.  Likewise, it would not be proper for the plaintiffs to read to the jury discovery objections contained in responses to interrogatories, requests for productions of documents, or requests for admissions.  Those matters are properly presented to the Court for resolution.

Although not addressed by the plaintiffs in their response to Ford's motion, Ford also seeks to prevent the plaintiffs from questioning witnesses regarding the existence of the defendant's CD-ROM collection or "documents collected and produced to Congress" and whether they have read those materials.  It cites Rules 401, 402, and 403 in support of this portion of its motion.  However, the Court cannot determine at this time whether the materials collected on CD-ROMs or produced to Congress would be relevant to the issues presented to the jury.  In short, at this time, Ford has not demonstrated that such questions and related testimony and arguments would not be relevant in this proceeding.  Accordingly, this part of the motion will be denied.

**M.     Reference to, or Evidence, Testimony, or Argument Concerning Any Request by Ford to Exclude Certain Evidence**

Ford also seeks to prevent the plaintiffs from making any reference to its motion *in limine* or any other motion or request to exclude any evidence at trial.  The plaintiffs do not oppose the motion, provided the Court's ruling relates to both parties.  Accordingly, the Court will grant the defendant's motion to exclude any reference to, or evidence, testimony or argument concerning any request by any party to exclude any item of evidence.

**N.     Reference to, or Evidence, Testimony, or Argument Concerning Settlements, Verdicts, or Judgments**

Ford seeks to exclude, under FRE 401, 402, 403, and 408, any reference to settlements, verdicts or judgments in other cases.  [Record No. 38, p. 9]  The plaintiffs agree that evidence regarding offers of settlement is generally inadmissible but maintain that Ford's request is overly broad because it "seeks to preclude Plaintiffs from discussing settlement, verdicts, or judgments in 'any' case."  [Record No. 41, p. 11]  "If Ford opens the door to its safety record, the history of the company itself or the quality or practices of its testing procedures," the plaintiffs contend, then they should be permitted to introduce evidence in opposition.  [*Id.*]  Ford suggests that this issue be revisited "if either side 'opens the door'" to such evidence.  [Record No. 50, p. 7]

Having considered the parties' position on this issue, the Court will grant Ford's motion to preclude any reference to, or evidence, testimony, or arguments concerning settlements, verdicts, or judgments in other cases.  In the event the plaintiffs believe that the defendant has "opened the door" to the admission of evidence precluded by this ruling, it may seek reconsideration outside the presence of the jury.

-13-

**O.      Reference to, or Evidence, Testimony or Argument Concerning Ford's Counsel's Statements or Arguments in Other Cases**

Pursuant to FRE 401 and 403, Ford seeks to exclude "all statements, arguments, and/or comments made by Ford's counsel in other cases."  [Record No. 38, p. 9]  It argues that any reference to arguments made in other cases would be unduly prejudicial, confusing to the jury, and dilatory because it would "requir[e] Ford's counsel to respond to such offered 'evidence.'"  [*Id.*]  The plaintiffs respond that Ford's request is too broad and that an admissibility determination therefore cannot be made at this time.  [Record No. 41, p. 12]

Although neither party has identified any particular statement or argument from any other case that the plaintiff might seek to offer – or that the defendant believes would be prejudicial and, therefore, should be excluded – it would appear that the plaintiffs would be in a better position to identify any such statement or argument.  Therefore, as a preliminary matter, the Court will grant Ford's motion to exclude arguments or statements made in other cases. However, if the plaintiff is able to demonstrate that a specific argument or statement made in some other litigation matter is relevant, it may seek leave of Court outside the presence of the jury for reconsideration.  At that time, the Court will be in a better position to assess whether such statement would be relevant and, if so, whether it would be unduly prejudicial.

**P.      Reference to, or Evidence, Testimony, or Argument Concerning Any Issues and/or Claims Other Than Those Raised in Plaintiffs' Complaint and/or Discovery Responses**

Ford asserts that the plaintiffs should not be allowed "to raise different or additional issues and/or claims, including, but not limited to, any allegations pertaining to the design and/or manufacture of the subject Mercury Mountaineer, other than those contained in their Complaint

-14-

and/or discovery responses." [Record No. 38, p. 10] In response, the plaintiffs again claim not to know what Ford means by its request. [Record No. 41, p. 12] "Without seeing the facts develop," the plaintiffs argue, they "do not know what will become relevant and what will not." [*Id.*]

To the extent Ford intends to prevent evidence or argument regarding theories of liability other than the subject vehicle's lack of certain stability-control features, its motion will be granted based on the partial summary judgment entered July 20, 2012, in this matter. [*See* Record No. 52, p. 1 ("The plaintiffs may seek recovery on each count set forth in their Complaint only insofar as the claims relate to Ford's failure to provide Electronic Stability Control or Roll Stability Control on the subject vehicle.").]

**Q.  Reference to, or Evidence, Testimony, or Argument Concerning Monetary Fees Previously Paid by Ford, and/or Other Manufacturers in Unrelated Cases to Ford's Experts in this Case**

Ford argues that any reference to fees it has paid to experts, in this case or others, should be excluded under FRE 401, 402, and 403. [Record No. 38, p. 10] The plaintiffs counter that such evidence is relevant and admissible to show bias. [Record No. 41, pp. 12-13] Ford replies that if the plaintiffs are permitted to cross-examine experts on the issue of fees, then Ford should be allowed to present similar evidence. [Record No. 50, p. 8]

Information regarding fees paid to experts is relevant to issues of credibility and potential bias of expert witnesses. Likewise, fees paid by other companies might also be relevant. Based on the limited information supplied by the parties, the Court cannot conclude that questioning in these areas would be improper under Rule 403 of the Federal Rules of Evidence. As a result,

-15-

the defendant's motion to exclude reference to, or evidence, testimony, or argument concerning fees paid to expert witnesses (either by Ford or other companies) will be denied. The Court notes, however, that the plaintiffs may not attempt to use this determination to evade other rulings and present evidence which has been excluded on other grounds.

### R.    Reference to, or Evidence, Testimony, or Argument Concerning Post-Mortem Photographs

Ford seeks to "prohibit any reference to, description of, or presentation of graphic photographs that depict blood markings or other similar evidence at the scene of the accident," arguing that the photographs would "not serve to illustrate any disputed issue" or "aid the jury in understanding the case" and are therefore irrelevant. [Record No. 38, pp. 10-11]  The plaintiffs maintain that the photographs are admissible under Kentucky law and that "the photographs of [Kiara Hinkle] at the accident scene illustrate material facts and conditions." [Record No. 41, p. 14]  They further observe that Ford's experts have used the photographs to form their opinions. [*Id.*]  Ford replies that its biomechanics expert, Catherine Corrigan, will only address the photographs in her testimony if the Court denies its motion in limine to exclude them. [Record No. 50, pp. 8-10]

During the pre-trial conference, Ford conceded that, at this point in the proceedings, a ruling on this portion of its motion would not be appropriate. Therefore, Ford's initial request that the plaintiffs be prevented from referring to, or offering evidence, testimony, or argument concerning post-mortem photographs or other similar evidence regarding the scene of the accident will be denied.

-16-

**S.**      **Reference to, or Evidence, Testimony or Argument Concerning Photographs of the Subject Mercury Mountaineer Taken Subsequent to the Vehicle Being Moved From Its Final Resting Place at the Accident Scene**

Initially, Ford asked the Court to preclude the plaintiffs from offering "misleading photographs" of the subject vehicle.  However, this portion of its motion *in limine* was later withdrawn. [Record No. 50]  As a result, the defendant's motion to exclude any reference to, or evidence, testimony, or argument concerning photographs of the Mercury Mountaineer which were taken after the vehicle was moved from its final resting place following the accident in issue will be denied.

**T.**      **Reference to, or Evidence, Testimony or Argument Concerning Hedonic Damages or Family or Household Services**

Following the parties' briefing of various motions, on September 7, 2012, the Court granted a portion of the motion for summary judgment filed by Ford. [Record No. 66]  In relevant part, the Court addressed the plaintiffs' claim for hedonic damages or family or household services.  As noted in the Memorandum Opinion and Order filed on that date, while hedonic damages are not recoverable in wrongful death actions, such a claim may be asserted as a component of a claim of pain and suffering.  And because the defendants did not seek summary judgment initially based on the assertion that Kiara Hinkle was unconscious between the time of the accident and her death, the Court indicated that the estate would not be precluded from pursuing hedonic damages.  However, summary judgment was granted with respect to Plaintiffs Turner's and Hinkle's claims for hedonic damages.  Summary judgment was also granted regarding the estate's claim for loss of family services.  The plaintiffs will be precluded from referring to or offering evidence, testimony, or argument concerning the components of

-17-

their damage claim that were excluded by the Court's earlier ruling on Ford's motion for partial summary judgment.

### III.

Based on the foregoing discussion and analysis, it is hereby

**ORDERED** that Defendant Ford Motor Company's Motion *In Limine* [Record No. 38] is **GRANTED**, in part, and **DENIED**, in part.

This 13th day of September, 2012.

Signed By:

*Danny C. Reeves* DCR

**United States District Judge**