UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| KERRY HINKLE, Administrator of the Estate of Kiara Hinkle, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3: 11-24-DCR |
| V. | ) ) ) | |
| FORD MOTOR COMPANY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

As a final pretrial matter, Plaintiffs Kerry Hinkle, Administrator of the Estate of Kiara Hinkle, Jason Turner, and Natya Stafford have moved the Court *in limine* to exclude the testimony of certain state troopers during the trial of this matter. Additionally, they request that the Court exclude from evidence the Kentucky Uniform Traffic Collision Report and related documents (hereafter, "the Report"). [Record No. 34][1] Ford opposes the motion. [Record No. 43] It contends that, under relevant Sixth Circuit authority, the Court should allow the introduction of the documents in issue and should allow Kentucky State Troopers Martin and Collins to testify with respect to their investigation of the accident.

---

[1] In prior opinions, the Court addressed the effect of *in limine* rulings [Record No. 68] as well as the standard applied to the admission of expert testimony [Record No. 69]. And in its earlier Memorandum Opinion and Order filed on September 13, 2012, the Court discussed the limitations imposed by Rules 402 and 403 of the Federal Rules of Evidence. [Record No. 68] The record of this proceeding will not be burdened further by repeating those matters. However, the Court's discussion in those opinions applies with equal force regarding the present motion.

Although identified in the defendant's preliminary list of trial witnesses on August 28, 2012, it does not appear that Ford identified either trooper as an expert witness in its Rule 26 disclosures or expert witness reports. As a result, neither individual will be allowed to offer expert opinions during trial. However, the testimony of Trooper Martin[2] and Trooper Collins will not be excluded entirely. For example, the troopers will not be precluded from testifying as fact witnesses, based on their observations and examination of the scene of the accident. The Court also concludes that several pages of the Report contain inadmissible hearsay. The defendant will be precluded from offering these materials because it has not demonstrated that the subject documents have sufficient guarantees of reliability or trustworthiness.

I.

**A. Proposed Testimony of the Kentucky State Troopers**

The plaintiffs' motion does not identify by name the individuals who are the subject of their request. However, they contend that it would violate Rule 701 of the Federal Rules of Evidence for state troopers to offer opinions regarding the accident in issue. Because the rule limits the testimony of lay witnesses, the plaintiffs assert that the opinions of the troopers who investigated the scene of the accident, interviewed witnesses, and prepared official reports regarding the matter should be excluded. Plaintiffs cite a number of Kentucky cases in support of their claim that such individuals are not qualified to offer opinions regarding events that they

---

[2]Ford indicates in its response that Trooper Martin was recognized as an expert in the field of accident reconstruction in *Branam v. Burger*, 2009 WL 2192637, at *4 (Ky. Ct. App. 2009). It also asserts that "the training and experience of Trooper Martin 'may well ultimately qualify him as an expert.'" [Record No. 43, p. 3] However, Ford does not address the fact that neither Trooper Martin nor Trooper Collins were identified as expert witnesses in the defendant's Rule 26 expert witness designations and reports.

did not personally observe. *See Ross Bros. Const. v. Moore,* 2006 Ky. App. Unpub. LEXIS 973 (Ky. Ct. App. Mar. 24, 2006); *Service Lines, Inc. v. Mitchell*, 419 S.W. 525 (Ky. 1967); *Southwood v. Harrison*, 638 S.W.2d 706, 708 (Ky. Ct. App. 1982).[3]

In response, Ford indicates that Tooper Martin is an accident reconstructionist for the Kentucky State Police. As such, and presumably by virtue of his education, training and experience, he is qualified to offer opinions regarding the cause of the accident. And as indicated in the documents that the plaintiff seek to exclude from evidence, these opinions would be based, in part, upon interviews and statements given by various third parties. Under relevant federal and Sixth Circuit case law, Ford contends that such testimony is admissible. *Dortch v. Fowler*, 2007 U.S. Dist. LEXIS 41615 (W.D. Ky. June 6, 2007)[4]; *Logan v. Cooper Tire & Rubber Co.*, 2011 U.S. Dist LEXIS 119934 (E.D. Ky. Oct. 17, 2011).

Absent a *Daubert* hearing, this Court is unable to determine whether either Trooper Martin or Collins would be qualified to testify as expert witnesses in this case. However, further evaluation of their training, education, and experience is unnecessary because Ford failed to

---

[3]Although the plaintiffs' motion seeks to exclude the troopers' testimony in its entirety, they concede that it would be proper for them to testify regarding the fact-finding investigation they conducted such as "the measurements they took at the scene, their observations of the crash site, and the statements of eyewitnesses if such statements are deemed to be admissible hearsay." [Record No. 34-1, p. 4]

[4]In *Dortch,* Magistrate Judge Moyer concluded that the expiration of the disclosure deadline was not a sufficient basis to exclude Officer Beauford from testifying as an expert witness because he had given deposition testimony "more than a year ago." Further, the parties were "well aware of his opinions since before commencement of the action." Notwithstanding those facts, the magistrate judge concluded that his trial testimony would be confined to the scope of his report and deposition testimony. *Id.* at *9. Here, no reports have been prepared and there is no indication in the record that either trooper has been deposed.

properly identify either trooper as an expert. As a result, the Court concludes that the plaintiffs will be prejudiced if the troopers are allowed to testify as expert witnesses during the upcoming trial. Thus, while Trooper Martin and Collins will not be precluded from testifying concerning their investigation of the accident, they will not be allowed to offer opinions concerning the cause of the accident. Likewise, they will not be allowed to testify concerning hearsay statements received from third parties unless those statements are otherwise admissible under the Federal Rules of Evidence.

### B. The Report

Rule 803(8)(C) of the Federal Rules of Evidence provides an exception to the hearsay rule for reports or records of public offices setting forth factual findings resulting from an investigation made pursuant to authority granted by law. Fed. R. Evid. 803(8)(C). However, the Court has an independent obligation to assess the trustworthiness of the findings.

The Report which is the subject of the plaintiffs' motion contains both hearsay and non-hearsay information. For example, the fourth page of the Report contains a drawing (presumably prepared by Trooper Martin or Trooper Collins) depicting certain distances traveled. If the information used to prepare the drawing was based on personal observations, that portion of the report would be admissible. However, page two of the Report is based in large measure upon statements of third parties given to the officer(s) at the scene of the accident. In relevant part, the Report indicates, "another vehicle which was in the right lane began to swerve into the left lane. The operator of unit 1 [Hinkle] swerved to the left to avoid the other vehicle and ran into the median. . . ." Similar hearsay information is reflected in pages 7 through 9, 15, 18, and 19

of the Report. [Record No. 34-2] At page 21 of the Report, the officer summarizes his findings. Again, this summary appears to be based in large measure on the statements obtained from third parties. It does not appear that any investigating officer conducted any physical examination of vehicle following the accident. Without additional information, the officer's conclusion that "overcorrecting/over steering" was a contributing factor lacks sufficient reliability and trustworthiness. Thus, Ford will not be allowed to offer the opinions contained in the Report.

## II.

Ford has failed to identify either Trooper Martin or Trooper Collins as an expert witness in its Rule 26 disclosures. As a result, it will not be allowed to call either person to offer expert or opinion testimony during the trial of this matter. However, Ford is not precluded from calling one or both as fact witnesses. Additionally, Ford may not offer into evidence portions of the Kentucky Uniform Police Traffic Collision Report and related documents if those documents contain hearsay statements of third parties or opinions of police officers concerning the cause of the accident. Accordingly, it is hereby

**ORDERED** that the plaintiffs' Motion *In Limine* to Exclude Opinion Testimony by State Troopers and to Exclude the Kentucky Uniform Police Traffic Collision Report and Related Documents [Record No. 34] is **GRANTED**, in part, and **DENIED**, in part.

This 19th day of September, 2012.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge