UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| KERRY HINKLE, Administrator of the Estate of Kiara Hinkle, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3: 11-24-DCR |
| V. | ) ) ) | |
| FORD MOTOR COMPANY, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Ford Motor Company's Renewed Motion to Strike Plaintiffs' Untimely Filed Designation of Deposition Excerpts. [Record No. 85] The defendant's motion was filed in response to the plaintiffs' September 5, 2012, submission of their Designation of Deposition Excerpts [Record No. 64], and the Plaintiffs' Compliance with the Court's Orders of November 5, 2012 and November 7, 2012. [Record No. 84] For the following reasons, the Court will deny the defendant's renewed motion to strike.

**I.**

The Court incorporates by reference its earlier discussion of the procedural background relating to Ford's renewed motion to strike. [*See* Record No. 79, pp. 1-3] On November 5, 2012, the Court entered an Order denying, without prejudice, Ford's Motion to Strike Untimely Designation of Deposition Excerpts. [*Id.*] The Court explained that because neither Ford nor the plaintiffs provided copies of the depositions of Gurminder S. Bedi and Douglas W. Scott,

which were the basis of Ford's original motion to strike, it was unable to make an informed decision in ruling on the substance of Ford's motion. [*Id.*, p. 1] The plaintiffs were directed to (1) file the depositions of Bedi and Scott; (2) identify and explain the specific objections that each deposition excerpt was intended to overcome; and (3) show cause why the Court should not strike the deposition testimony of Bedi and Scott for failure to comply with the Court's Scheduling Order. [*Id.*, p. 5 (as amended by Record No. 81)] Ford was allowed to renew it motion to strike no later than November 14, 2012, and the plaintiffs were given additional time to file a reply. [*Id.*] Ford's renewed motion to strike is now ripe.

## II.

The Scheduling Order previously entered in this action provided that the parties had until August 28, 2012, to file all trial materials (*i.e.*, exhibit lists, witness lists, and designation of deposition testimony). [Record No. 11, pp. 3-4 ¶ 10] Because that date has passed, the plaintiffs have, in effect, moved the Court to amend this deadline. Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order may be modified for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The primary measure of "good cause" is the "moving party's due diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (internal quotation marks omitted). However, the Court "should also consider possible prejudice to the party opposing the modification." *Id.*

Additionally, Federal Rule of Civil Procedure 16(f)(1) permits the Court to sanction a party for non-compliance with a Court scheduling order. Rule 16(f)(1) states, in part:

> (1) On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1). Subsections (ii)-(vii) of Rule 37(b)(2)(A) delineates the basic perimeters of permissible sanctions the Court may levy on a party for failure to comply with a court's scheduling order. Specifically, Rule 37(b)(2)(A)(ii) allows a court to prohibit the disobedient party from "supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii).

The 1983 Amendment to Rule 16 added subsection (f), and the Advisory Committee notes "indicate that the 'explicit reference [of Rule 16] to sanctions reenforces the rule's intention to encourage forceful judicial management.'" *See In re Air Crash Disaster at Detroit Metro. Airport on Aug. 16, 1987*, 130 F.R.D. 652, 654 (6th Cir. 1989) (quoting Fed. R. Civ. P. 16(f) Advisory Committee's Notes to 1983 Amendment); *see also* 90 A.L.R. Fed. 157, § 2(a). In short, it is within the Court's power to sanction a party for failing to obey a scheduling order, and, in particular, to preclude evidence as a sanction for failure to comply with the such an order. *See* Fed. R. Civ. P. 16(f)(1)(C); *see also S. Wabash Commc'ns, LTD v. Union Cnty. Broad. Co., Inc.,* 69 F. App'x. 285, 2003 WL 21525112, at *290-91 (6th Cir. 2003); *Rabb v. Amatex Corp.*, 769 F.2d 996, 998-1000 (4th Cir. 1985); *In Re Air Crash*, 130 F.R.D. at 654; *Colebrook v. Kentucky Dep.'t of Motor Vehicle Enforcement*, 2011 WL 573820, at *2 (E.D. Ky. Feb. 15, 2011). However, a district court has discretion in determining which sanctions, if any, to impose for failure to comply with a scheduling order. *See Estes v. King's Daughters Med. Ctr.*, 59 F. App'x 749, 753 (6th Cir. 2003). In fact, "the district court has discretion to impose whatever

sanctions it feels appropriate, under the circumstances." *Id.* (internal quotation marks omitted) (citing *United States v. Rayco, Inc.*, 616 F.2d 462, 464 (10th Cir. 1980) (noting a court's broad powers of enforcement inure to a pretrial order limiting issues to be tried and evidence to be introduced)).

In applying these principles, the Court does not agree that striking the deposition excerpts identified by the plaintiffs is appropriate in this case. While the plaintiffs were tardy in filing their designation of deposition excerpts, this delay was minimal. The parties' trial materials were due on August 28, 2012 [Record No. 11, pp. 3-4 ¶ 10], and the plaintiffs filed their designation of deposition excerpts on September 5, 2012. [Record No. 64] Thus, the filing was approximately one week late.

Additionally, the plaintiffs contend that their designation of deposition excerpts was a responsive filing to Ford's objections. The plaintiffs have consistently stated that these deposition excerpts are not being offered as substantive evidence, but rather as a means to overcome foundational, hearsay, and lack of personal knowledge objections that Ford has raised regarding the plaintiffs' other exhibits. [Record No. 86, pp. 1-2] Plaintiffs identified these deposition excerpts the day after Ford filed their objections to plaintiffs trial exhibits on September 4, 2012. [Record No. 63] Thus, it would appear that the plaintiffs did not willfully ignore the Court's deadlines set out in the Scheduling Order when filing their designation of deposition excerpts, but instead attempted to respond to a number of Ford's objections to certain trial exhibits.

Finally, while not a controlling factor in its determination, the Court does not believe Ford has been significantly prejudiced by the plaintiffs' late filing. Ford has been in possession of the subject depositions since at least October 5, 2012,[1] when they filed their original motion to strike. [*See* Record No. 74-1, pp. 6-9.] Additionally, it would also appear that Ford was previously aware of the contents of the depositions at issue, thus obviating any arguments of unfair surprise.

In summary, the plaintiffs have demonstrated "good cause" and have exercised diligence in identifying and responding to Ford's objections. Further any prejudice Ford has suffered because of the plaintiffs' tardy filing is minimal. To further limit any prejudicial effect, the Court will only consider the plaintiffs' designated deposition excerpts outside the presence of the jury and for the limited purpose of ruling upon Ford's objections to plaintiffs' Exhibits 2, 3, 4, 6, and 11. The Court will also grant Ford leave to file any additional objections to the plaintiffs' designated depositions excerpts and to counter-designate certain portions of the referenced depositions for the purpose of providing appropriate contextual and rebuttal evidence. However, any objections will not be considered until trial.

Thus, in applying its broad discretion under Rule 16 of the Federal Rules of Civil Procedure, the Court will deny Ford's renewed motion to strike. Accordingly, the Court being sufficiently advised, it is hereby

**ORDERED** as follows:

---

1     The Court also has considered that, while the plaintiffs filed their designation of deposition excerpts on September 5, 2012, Ford did not file its original motion to strike until October 5, 2012. [Record No.74]

1.      Defendant Ford Motor Company's Renewed Motion to Strike Plaintiffs' Untimely Filed Designation of Deposition Excerpts [Record No. 85] is **DENIED**.

2.      Defendant Ford Motor Company will be granted leave to file objections to the depositions excerpts designated by in the Plaintiffs' Compliance with the Court's Orders of November 5, 2012 and November 7, 2012.  [Record No. 84]  Further Ford will be allowed to counter-designate excerpts from the depositions of Gurminder S. Bedi and Douglas W. Scott taken in connection with the case of *Conley v. Ford*, State Court of Cobb County, State of Georgia, Case No. 2007A15560-4, for the purpose of providing appropriate contextual and rebuttal evidence.

This 21st day of November, 2012.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge