UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| KERRY HINKLE, Administrator of the<br>Estate of Kiara Hinkle, et al., | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 3: 11-24-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FORD MOTOR COMPANY, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

During the jury instruction conference held on May 22, 2013, the plaintiffs objected to
the Court's proposed jury instructions.  Specifically, the plaintiffs asserted that a separate and
independent instruction was required for a negligence claim, despite the fact that such a claim
was not presented during trial.  The Court overruled this objection because a separate negligence
instruction was not warranted under the facts presented.  Additionally, the Court determined that
the plaintiffs had abandoned this claim.  With regard to the requested instruction, this opinion
provides further explanation for the Court's ruling.

**I.**

The plaintiffs' proposed negligence instruction states:

> It was the duty of the Defendant, Ford Motor Company
> ("Ford"), and its employees to exercise *ordinary care in its*

*design of the subject Mercury Mountaineer*.[1]  You will find for Plaintiffs Kerry Hinkle, as the Administrator of the Estate of Kiara Hinkle, Jason Turner, and Natya Stafford, if you are satisfied from the evidence that Ford failed to satisfy its duty and that such failure was a substantial factor in causing his injuries.

"Ordinary care" as applied to Ford means such care and skill expected of an ordinary company engaged in the same type of business as Ford and acting under the same or similar circumstances as Ford.
. . .
State whether you believe from the evidence that:

(1)    Ford failed to exercise ordinary care in its design of the subject Mercury Mountaineer, and

(2)    That such failure, if any, was a substantial factor in causing injury to Kiara Hinkle, Jason Turner, and Natya Stafford.

[Record No. 55, p. 2 (emphasis added)]

Rather than include this request, the Court included the following products liability instruction:

(1)    Plaintiffs Kerry Hinkle, as the Administrator of the Estate of Kiara Hinkle, Jason Turner, and Natya Stafford, allege that Defendant Ford Motor Company defectively designed the 2004 All-Wheel Drive ("AWD") Mercury Mountaineer by not equipping it with Electronic Stability Control ("ESC").  The plaintiffs allege that this rendered the vehicle defective and unreasonably dangerous.  The elements of plaintiffs' product liability claims are as follows:

(A)    First, Ford Motor Company's design of the 2004 AWD Mercury Mountaineer did not conform to the generally recognized and prevailing standards or the state-of-the-art at the time the design was prepared and the vehicle was manufactured;

---

1    The theory of liability put forth by the plaintiffs is limited to issues of design defect.  The plaintiffs never pursued relief under a theory of failure to warn.

(B)     Second, the 2004 All-Wheel Drive Mercury Mountaineer was in a defective and unreasonably dangerous condition to the user because it lacked ESC at the time the vehicle was sold by the defendant;

(C)     Third, such a condition created such a risk of accidental injury to users that an ordinarily reasonable and prudent company engaged in manufacture of such a product, being fully aware of such risk, would not have put the vehicle on the market in that condition;

(D)     Fourth, there was an alternative design for the product that would have prevented the injuries at issue;

(E)     Fifth, the alternative design must have been practicable, feasible, and safer than the design used by the manufacturer, such that the overall benefits of the alternative design outweighed the overall risks of that design; and

(F)     Sixth, the lack of Electronic Stability Control was a substantial factor in causing the injury.

(2)     The plaintiffs have the burden to prove every element of their claims by a preponderance of the evidence.

[Jury Instruction No. 9, pp. 12-13; *see also* Record No. 123, p. 12-13.] Additionally,

Interrogatory No. 1 included each of these six elements and required the jury to answer whether

they believed by a preponderance of the evidence these factors were true. [*See* Verdict Form,

Interrogatory No. 1, pp. 1-2; *see also* Record No. 125.]

**II.**

Jury instructions must "adequately inform the jury of the relevant considerations and

provide the jury with a sound basis in law with which to reach a conclusion." *Burke v. U-Haul

Int'l, Inc.*, 501 F. Supp. 2d 930, 935 (W.D. Ky. 2007) (quotation marks and citation omitted).

Instructions are improper only if they are confusing, misleading or prejudicial, when viewed in

their entirety. *United States v. Wells,* 211 F.3d 988, 1002 (6th Cir. 2000); *see also In re Air Crash Disaster*, 86 F.3d 498, 520 (6th Cir. 1996).

As explained in this Court's November 20, 2012 Memorandum Opinion and Order, Kentucky courts have routinely held that the difference between negligence and strict liability product liability claims alleging design defects "is of no practical significance so far as the standard of conduct required of the defendant is concerned. In either event the standard required is reasonable care." *See Jones v. Hutchinson Mfg., Inc.,* 502 S.W.2d 66, 70 (Ky. 1973); *see also Cameron v. DaimlerChrysler, Corp.*, No. 04-24, 2005 U.S. Dist. LEXIS 24361, at *9-10 (E.D. Ky. Oct. 20, 2005) (analyzing Kentucky state law). Moreover, both federal courts applying Kentucky law and Kentucky state courts have consistently held that a party's claims of negligent design may be subsumed by a court's strict liability instruction, thus negating any need for a separate instruction. *See, e.g., Shea v. Bombardi,* No. 2011-CA-999-MR, 2012 Ky. App. Unpub. LEXIS 746, at *9-11 (Ky. App. Oct. 12, 2012); *see also Tipton v. Michellen Tire Co.,* 101 F.3d 1145 (6th Cir. 1996).

For instance, in *Cardinal Indus. Insulation Co., Inc. v. Norris*, 2009 WL 562614, at *10-11 (Ky. App. Mar. 6, 2009), the Kentucky Court of Appeals found that a proposed negligence instruction was redundant of the strict liability instruction. Therefore its omission was not erroneous. Specifically, the court held:

> [U]nder the circumstances of this case, we are persuaded that an instruction for negligence would be redundant with the [Restatement §] 402A strict liability instruction. It is unnecessary to give a redundant instruction. *Reynolds v. Commonwealth*, 257 S.W.2d 514, 516 (Ky.1953).

> In order to state a cause of action based on negligence, a plaintiff must establish a duty on the defendant, a breach of the duty, and a causal connection between the breach of the duty and an injury suffered by the plaintiff. *Lewis v. B & R Corporation,* 56 S.W.3d 432, 436–37 (Ky. App. 2001). The issues of causation and injury would clearly be the same under either a negligence or a strict liability standard. *Huffman v. SS. Mary and Elizabeth Hospital,* 475 S.W.2d 631, 633 (Ky.1972). Further, we are persuaded that the issue of duty is the same under either theory. Under either a negligence or strict liability theory, the manufacturers' fundamental duty was not to place a product on the market in a defective and unreasonably dangerous condition. In fact, Norris' burden of proof was simplified under the strict liability theory, in which case full knowledge of the condition and dangers of a product is presumed, as opposed to its burden under a negligence theory, in which case the manufacturer must have known or reasonably should have known of the condition and dangers of the product. Thus, *the proposed negligence instruction is subsumed within the strict liability instruction*.

*Id.* at *11 (emphasis added).

The same is true here.  The plaintiffs' requested instruction states, in part, that it was the duty of Ford to exercise ordinary care in its design of the subject vehicle and that the jury should find for the plaintiffs if they find that Ford failed to exercise such care in its design of the subject vehicle, and that such failure was a substantial factor in causing the injuries.  [Record No. 55, p. 2]  The plaintiffs' proposed instruction defines ordinary care as it applies to Ford to "mean[] such care and skill expected of an ordinary company engaged in the same type of business as Ford acting under the same or similar circumstances as Ford." [*Id.*]  As explained by numerous other courts, this Court's strict liability instruction takes into consideration any evidence of the plaintiffs' negligence claim, and that negligence claim is subsumed by the strict liability instruction.[2]  For the jury to find that Ford was liable under a theory of strict liability, they would

---

2       In fact, *Ingersoll-Rand Co. v. Rice*, 775 S.W.2d 924 (Ky. App. 1988), supports the Court's ruling. The plaintiffs contend that *Ingersoll-Rand* stands for the proposition that a separate negligence instruction

necessarily have to find that a defective or unreasonably dangerous condition existed, and that

the condition created such a risk of accidental injury to users that an ordinary reasonable and

prudent company engaged in the manufacture of such a product, being fully aware of that risk,

would not have put the product on the market.  Simply put, either theory requires the jury to

come to the same conclusion concerning these issues.

Further, the Court's instructions specifically require the jury to examine the actions or

inactions of the defendant.  The instructions state that to find the defendant liable the jury must

find the alleged defective and unreasonably dangerous condition "created such a risk of

accidental injury to users that *an ordinary reasonable and prudent company engaged in the*

*manufacture of such a product*, being fully aware of that risk, would not have put the product

---

is required.  However, while the *Ingersoll-Rand* court found that a negligence instruction was warranted under the facts presented, it went on to explain that "the negligence instruction given by the trial judge appears to be couched in the language of strict liability. The instruction should contain some reference to [the defendant's] duty of ordinary care." *Id.* at 932.  Here, the Court provided a specific instruction concerning Ford's duty of ordinary care.  [*See* Verdict Form, Interrogatory No. 1 ¶ 3; Record No. 125, p. 2.]  The Court is unpersuaded by the plaintiffs' argument on this issue.  Simply put, reliance on the holding in *Ingersoll-Rand* is overstated and misplaced.

The plaintiffs also rely on *Clark* to support their contention that a separate negligence instruction is necessary.  910 S.W.2d 247.  In *Clark*, the Kentucky Supreme Court held that trial court erred by failing to give an additional instruction on negligence in a products liability action against a manufacturer of a oil-fired torch where the manufacturer sold products directly to the worker's employer. *Id.* at 251.  The court found that it would have been easy to establish that the manufacturer had a duty to notify a purchaser of any defects of which manufacturer became aware subsequent to sale of the product. *Id.*  The court opined that the duty of ordinary care embraces "such questions as the duty of the manufacturer to review design and[,] if he knew or should have known that his design was defective[,] to make an effort to notify purchasers of his equipment of these findings subsequent to the sale of the product." *Id.*  The court held that the evidence in the record convinced it that it was reversible error to not give an instruction on both strict liability and ordinary care. *Id.*

The plaintiffs' reliance on *Clark* is also misplaced.  Unlike, *Clark* there were no claims of failure to warn in this case.  Moreover, the facts simply do not lend themselves to allow this Court to reach the finding that the *Clark* court reached, nor did the plaintiffs' proffer any evidence to support such a finding.

on the market." [*See* Interrogatory No. 1 ¶ 3 (emphasis added).]  The standard of care required of Ford in this case — under either a theory of negligence or strict liability — requires the jury to determine whether the defendant breached its duty of ordinary care.

In short, the plaintiffs' negligence claim was subsumed by the strict liability claim, and the Court's Jury Instructions and Interrogatories satisfactorily contemplate both claims.  The instructions issued to the jury properly guided the jury, and because redundant jury instructions are not necessary, the plaintiffs' objection was overruled.

In addition to the Court's ruling from the bench and the analysis set forth in this opinion, the issue is now moot given the jury's findings.  The Jury answered each question of Interrogatory No. 1 in the negative, specifically finding that Ford did not breach its duty of reasonable care.  The jury also concluded that the subject vehicle was neither in a defective and unreasonably dangerous condition, nor did the lack of electronic stability control play a substantial factor in causing injury to the plaintiffs.  [*See* Verdict Form, Interrogatory No. 1; *see also* Record No. 125, pp. 1-2.]

This 23rd day of May, 2013.



Signed By:

*Danny C. Reeves*   DCR

United States District Judge